**XUE JIAN ZHENG, Petitioner,**

v.

**Alberto GONZALES, Attorney General,\* Respondent.**

No. 04–1337–ag.

United States Court of Appeals, Second Circuit.

Aug. 14, 2007.

---

\* The Clerk of the Court is directed to substitute Attorney General Alberto Gonzales for the named respondent, Attorney General John Ashcroft, pursuant to Federal Rule of Appellate Procedure 43(c)(2).

Dehai Zhang, Flushing, NY, for petitioner.

Peter D. Keisler, Assistant Attorney General, Civil Division, DOJ, Leon Patton, Assistant United States Attorney, for Eric F. Melgren, United States Attorney for the District of Kansas, Kansas City, KS, for respondent.

Present: Hon. ROGER J. MINER, and Hon. ROBERT A. KATZMANN, Circuit Judges, and Hon. J. GARVAN MURTHA,** District Judge.

## SUMMARY ORDER

Petitioner, Xue Jian Zheng, a citizen of the People's Republic of China, seeks review of a February 23, 2004 opinion of the BIA affirming immigration judge ("IJ") Joanna M. Bukszpan's November 1, 2002 decision denying the petitioner's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Xue Jian Zheng,* No. A77–322–445 (B.I.A. Feb. 23, 2004), *aff'g* A77–322–445 (Immig. Ct. N.Y. City Nov. 1, 2002). We assume the parties' familiarity with the underlying facts and procedural history of the case.

We review the IJ's decision where, as here, the BIA summarily affirms the IJ's decision without opinion. *See Twum v. INS,* 411 F.3d 54, 58 (2d Cir.2005). We review *de novo* questions of law and the application of law to undisputed fact. *Secaida–Rosales v. INS,* 331 F.3d 297, 307 (2d Cir.2003).

The petitioner contends that the IJ erred in pretermitting his claim without admitting any evidence after holding that, as a matter of law, he could not make out a claim for asylum, withholding, or CAT relief. First, petitioner argues that he merits asylum because the authorities sought to force his girlfriend to undergo an abortion. However, we recently held that the boyfriend of a woman who allegedly underwent a forced abortion does not automati-

---

** The Honorable J. Garvan Murtha of the United States District Court for the District of Vermont, sitting by designation.

cally qualify for asylum status under 8 U.S.C. § 1101(a)(42). *See Shi Liang Lin v. U.S. Dep't of Justice,* 494 F.3d 296, 309–10 (2d Cir.2007) (en banc). Petitioner presents no evidence that he was persecuted or has a well-founded fear of future persecution "for other resistance to a coercive population control program." 8 U.S.C. § 1101(a)(42); *see Lin,* 494 F.3d at 309–10.

■ To the extent petitioner alleges that he was persecuted when his mother was detained by the Chinese authorities, we have held that, as a general rule, "persecution of close family members . . . does not form the basis for a finding of past persecution of [the petitioner]." *Melgar de Torres v. Reno,* 191 F.3d 307, 313 n. 2 (2d Cir.1999). We see no reason to hold to the contrary here. Nor did petitioner demonstrate a well-founded fear of future persecution based on his mother's detention.

Because the petitioner was unable to meet his burden of proof on his asylum claim, he was necessarily unable to meet the higher standard required to succeed on his claim for withholding of removal because it rested on the same factual predicate. *See Paul v. Gonzales,* 444 F.3d 148, 156 (2d Cir.2006).

Finally, the petitioner argues that he will be tortured upon his return to China because he emigrated illegally. We previously have rejected this claim where, as here, the petitioner presents no "particularized evidence" to suggest that someone in his circumstances is more likely than not to be tortured upon his return to China. *Mu Xiang Lin v. U.S. Dep't of Justice,* 432 F.3d 156, 159–60 (2d Cir.2005).

For the foregoing reasons, the petition for review is **DENIED.**